## ESTATE OF MICHAEL J. SAMUEL.

No. 8755—Jan. 15, 1879.

JURISDICTION.—RESIDENCE INFERRED FROM THE ACTS OF DECEDENT. HIS CONFLICT-
ING ASSERTIONS AS TO HIS INTENT.

Decedent, who died in this city and county, had a farm at Livermore; but for certain secondary objects, had his name enrolled on the Great Register here, and voted here; also, became member of a lodge, wherein residence here was essential; and he made declarations to that effect. Sometimes, he spoke of Livermore as his home; sometimes, of San Francisco. There were reasons for the Court to believe that his declarations as to his residence in San Francisco were not sincere; and that his entry on the Great Register was a fraud by him.

HELD, that Alameda County was his residence; and that proceedings here should be vacated.

Construing sections, Pol. C., 52; C. C. P., 1294.

*C. Seeber* and *M. Rosenthal,* for Wm. Doolan.

*N. Hamilton,* for C. B. Rutherford.

Deceased died in this city and county, October 20, 1878, and letters of administration were granted to Wm. Doolan, Public Administrator of this city and county.

C. B. Rutherford, Public Administrator of Alameda County, petitions for the revocation of the letters to Doolan, and that no further administration be had, on the ground that deceased was at the time of his death a resident of Alameda County.

Facts: Deceased had been for years a resident of Livermore, Alameda County. He was a peddler, having a small store-room as headquarters, and travelled through the country with his wares. In 1866 he purchased a small tract of land, and carried on farming in a small way; had some horses and

some chickens.  In the same year he endeavored to join a society in Livermore; he was unsuccessful, and, for the purpose of being able to represent himself a resident of San Francisco, came to this city and applied to have his name placed on the Great Register as a voter, stating in his application that he was a resident of this city and county.  He was placed on the Great Register, and voted in this city and county at the general and judicial elections of 1877, and at the constitutional election of 1878.  In the spring of 1878, a school election was held at Livermore; he offered to vote, and on his vote being challenged, withdrew it.  He obtained admission to a lodge of Odd Fellows here, his application stating him to be a resident here.  The most of his time was spent in and about Livermore; he came to this city frequently, say about once a week, remaining a day or two. When here, he had a room at the Prescott House; but it does not appear that he had a room except when here.  To several persons in Alameda County, he spoke of Livermore as his "home;" to other persons he said he lived in San Francisco; that he would not live in such a place, referring to Livermore.

By the law of this State, a person cannot have two places of residence; he does not lose his residence at one place until he has acquired a residence at another; residence is a mixed question of act and intent; the Political Code defines a residence to be "the place where one remains when not called elsewhere for labor or other special or temporary purpose, and to which he returns in seasons of repose."

I am of opinion that Samuel did not change his place of residence from Alameda County to this city and county. The oath which he took to get his name on the Great Register here was a false oath, and his statements as to his residence here were false statements, for the purpose of imposing upon the society which he wished to join.  He did not return to San Francisco "in seasons of repose," but whenever he was here, he was here for temporary purposes only.

The petition of C. B. Rutherford for revocation of the letters to Wm. Doolan, and that no further administration be had in this city and county, must be granted.